UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff/Respondent,<br><br>v.<br><br>JUAN OLAYA,<br><br>  Defendant/Petitioner. | Case No. 15-20200<br>Honorable Laurie J. Michelson |

**ORDER TRANSFERRING DEFENDANT'S SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255 [603] TO THE SIXTH CIRCUIT COURT OF APPEALS**

Juan Olaya was part of a crew of robbers who broke into the homes of families of Asian descent, rounded up the occupants, including children and the elderly, at gunpoint, bound them with duct tape, and then searched the homes for jewelry and cash, taking what they found. A jury convicted him on racketeering and firearm charges, including four counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (ECF No. 436.) The § 924(c) convictions mandated seven years' imprisonment on each count to be served consecutively. *See* 18 U.S.C. § 924(c)(1)(A)(ii). These 28 years combined with 12 years on the racketeering counts resulted in a total sentence of 40 years. (ECF No. 511.) The convictions were affirmed on direct appeal. *United States v. Olaya*, No. 21-1498, 2023 U.S. App. LEXIS 484 (6th Cir. Jan. 9, 2023), *available at* (ECF No. 579). Olaya then filed his first § 2255 motion to vacate his sentence (ECF No. 591), which this Court denied. (ECF No. 600). No appeal was taken.

Olaya has now filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). (ECF No. 603.) He again challenges his sentence for the four § 924(c) convictions. (*Id.*)

Prior to Olaya's sentencing, the First Step Act of 2018 went into effect. Section 403(a) of the Act eliminated the enhanced 25-year mandatory minimum sentence for a second or subsequent § 924(c) conviction where that subsequent conviction came from the same indictment as the first § 924(c) conviction. *See United States v. Gatewood*, 807 F. App'x 459, 462 (6th Cir. 2020). But the First Step Act did not eliminate all "stacking." In other words, it did not eliminate consecutive seven-year sentences for multiple convictions of brandishing a firearm under § 924(c). *See United States v. Davis*, No. 20-3390, 2020 U.S. App. LEXIS 34781, at *5 (6th Cir. Nov. 3, 2020) ("[E]limination of 'stacking' for first-time offenders concerned only the recidivist penalty enhancement. There is nothing in the Act that precludes multiple § 924(c) convictions arising from the same indictment."). Olaya mistakenly believes that it did and that he should have only been sentenced to a total of seven years for all of the § 924(c) convictions. (ECF No. 603.) Thus, Olaya asks this Court to vacate three of his § 924(c) convictions and to "resentence him." (*Id.* at PageID.10699.)

"A district court's authority to resentence a defendant or modify a sentence is limited to that set forth in § 2255, 18 U.S.C. § 3582(c), 28 U.S.C. § 2106, and Federal Rules of Criminal Procedure 35 and 36." *United States v. Wardle*, No. 23-5562, 2024 U.S. App. LEXIS 13692, at *2 (6th Cir. June 5, 2024) (citations omitted). It does not include a motion under Federal Rule of Civil Procedure 60(b)(6). Indeed, "Rule 60(b)

does not provide relief from judgment in criminal proceedings." *United States v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011); *see also United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003) ("Rule 60(b) is not applicable to criminal proceedings.").

Thus, although styled as a motion for relief from judgment under Fed. R. Civ. P. 60(b), Olaya is challenging the legality of his sentence based on his mistaken understanding of how the First Step Act modified the "stacking" of consecutive sentences under § 924(c). Such a claim necessarily falls within the scope of § 2255(a). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (noting that § 2255 "is the primary avenue for relief for federal prisoners" challenging their convictions and sentences). And the Sixth Circuit has recently reiterated what this Court must do with Olaya's motion:

> "If, in substance, a claim falls within the scope of § 2255(a), it should be treated as such regardless of any 'inventive captioning' by the prisoner." *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012) (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)). And when a post-judgment motion sets forth a "claim," either by adding a new ground for relief or by attacking the district court's prior resolution of a claim on the merits, it should be considered a § 2255 motion. *See In re Nailor*, 487 F.3d 1018, 1023 (6th Cir. 2007); *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). Because [defendant's] defective-indictment motion challenged the validity of his criminal convictions, the district court should have construed it as a second or successive § 2255 motion and transferred it to this court, rather than deny it. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

*United States v. Grady*, No. 23-1260, 2023 U.S. App. LEXIS 31741, at *3–4 (6th Cir. Nov. 29, 2023).

For these same reasons, the Court will treat Olaya's Rule 60(b) motion challenging the length of his sentence, i.e., his receipt of seven-year consecutive

3

sentences for all four § 924(c) counts as opposed to just one seven-year sentence, as a second or successive § 2255 motion—and, as a result, will transfer it to the Sixth Circuit.

Accordingly, it is ORDERED that the Clerk of the Court shall TRANSFER Defendant Juan Olaya's motion under Rule 60(b)(6) (ECF No. 603) to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h).

SO ORDERED.

Dated: August 5, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE